ADAM GORDON
United States Attorney
MICHAEL A. DESHONG
California Bar No. 301041
JORDAN ARAKAWA
California Bar No. 294207
Assistant United States Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9290/6955
Email: michael.deshong@usdoj.gov
Email: Jordan.arakawa@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORIO EPIFANIO HERNANDEZ LOPEZ (1),<br>BRANDON ESCALANTE SANDOVAL (2),<br>JOSE JIMENEZ (3), and<br>ANTONIO CORTEZ (4),<br><br>Defendants. | Case No.: 26-mj-03219-VET<br><br>UNITED STATES' MOTION TO DETAIN DEFENDANTS BASED ON SERIOUS RISK OF FLIGHT<br><br>Initial Appearance: June 1, 2026<br>Time: 2:00 p.m.<br><br>Hon. Valerie E. Torres |

The United States, by and through its counsel, United States Attorney, Adam Gordon, and Assistant United States Attorneys, Michael A. Deshong and Jordan Arakawa, hereby moves the Court to detain Defendants pending trial because there is no condition or combination of conditions that can reasonably assure their appearance.

## I.

## STATEMENT OF THE CASE

On Friday, May 29, 2026, Defendant Gregorio Epifanio Hernandez Lopez (Hernandez) was arrested on charges of conspiracy to use a cross-border subterranean tunnel in violation of

Title 18, United States Code, Section 555; conspiracy to import more than five kilograms of cocaine in violation of Title 21, United States Code, Sections 952, 960, and 963; and conspiracy to distribute more than five kilograms of cocaine in violation of Title 21, United States Code, Sections 841 and 846. Brandon Escalante Sandoval (Escalante), Jose Jimenez (Jimenez), and Antonio Cortez (Cortez) were arrested on charges of conspiracy to distribute more than five kilograms of cocaine. On June 1, 2026, the United States filed a three-count complaint charging Defendants with these offenses.

Defendants are scheduled for their initial appearances before this Court at 2:00 pm on June 1, 2026. The United States hereby moves to detain Defendants and requests the Court hold a detention hearing in three days.

## II.

## STATEMENT OF FACTS[1]

**A.    Events Leading Up to Defendants' Arrests**

On Friday, May 29, 2026, investigators followed drug-laden boxes as they were transported from a retail store located at 2498 Roll Drive, Suite E (the Buy 4 Less store) to a mechanic shop at 923 ½ Coolidge Avenue in National City, California (the mechanic shop). This surveillance led to traffic stops of vehicles leaving both locations and the seizure of approximately 851 packages of cocaine with a total gross weight of approximately 1,029.60 kilograms, or 2,269.87 pounds, and a total estimated value of $45 million. The approximate timeline is as follows:

At 11:19 a.m., a male was seen taking boxes from the Buy 4 Less store and loading them into a van. At 11:27 a.m., the male closed up Buy 4 Less and drove the van towards National City. The male then parked the van near the mechanic shop, got out and put the keys inside the gas cap area, and walked away.

At 12:23 pm, a male, later identified as Escalante, retrieved the keys from the van's gas cap area and backed the van into the mechanic shop, with the van's rear doors facing a second

---

[1] This statement of facts is intended to supplement the facts already provided with the Complaint. The United States will orally supplement information regarding the Defendants' history and characteristics, including their criminal histories, following review of bail reports provided by Pretrial Services.

van already parked inside. At approximately 1:38 pm, investigators, using aerial surveillance, were able to see people moving between the two vans.

At 2:15 pm, investigators saw a white stake bed truck enter the mechanic shop, which people at the shop later loaded with three deep freezers and then began loading packages into the freezers. At 4:32 pm, Escalante drove the stake bed truck out of the mechanic shop and parked it on the street nearby. Jimenez arrived shortly afterward and drove away in the stake bed truck. At 5:19 pm, San Diego County Sheriff's Deputies conducted a traffic stop of the stake bed truck, resulting in Jimenez's arrest and the seizure of approximately 286.20 kgs (630.96 lbs.) of a substance that field tested positive for the characteristics of cocaine.

  

*Cocaine concealed in freezers in the stake bed truck*

At 5:30 pm, investigators at Buy 4 Less observed people quickly loading heavy boxes into a white pickup truck, which Hernandez then attempted to drive away.[2] San Diego County

---

[2] The Probable Cause statement submitted with the Complaint states that Hernandez loaded the pickup truck with drugs. Upon further review of surveillance footage, two unidentified males loaded the truck, after which Hernandez drove it away. The two males subsequently re-entered Buy 4 Less; only one person was seen leaving Buy 4 Less between when Hernandez departed and when investigators executed the search warrant. No one was found at Buy 4 Less upon execution of the warrant. It is suspected that the other male may have returned to Mexico through the tunnel.

Sheriff's Deputies arrested him at approximately 5:47 pm, resulting in the seizure of approximately 469.40 kgs (1034.84 lbs.) of a substance that field tested positive for the characteristics of cocaine. The cocaine was contained in several boxes. Two of these were labeled as microwave ovens, and another was identified as a mattress.



*Approximately 35 packages of cocaine seized from one of the microwave boxes in the pickup truck*

At 5:56 pm, San Diego County Sheriff's Deputies stopped Cortez, who was attempting to drive one of the vans away from the mechanic shop at 923 ½ Coolidge Avenue. Investigators seized approximately 274 kgs (604.06 lbs.) of a substance that field tested positive for the characteristics of cocaine, from the van. Finally, at 6:00 pm, investigators arrested Escalante

at the mechanic shop. No additional drugs were found at the mechanic shop or Buy 4 Less.



*Cocaine found in one of multiple duffel bags in the van*



*1,029.60 kgs (2,269.87 lbs) of cocaine seized on May 29, 2026*

**B.      Details on the Cross-Border Subterranean Tunnel Found at the Buy 4 Less store**

Following Defendants' arrests, U.S. law enforcement executed a search warrant at the Buy 4 Less store and discovered the exit point of a sophisticated, subterranean cross-border tunnel. The southern entrance to the tunnel was also identified and Mexican law enforcement conducted a search of the Tijuana residence where tunnel was believed to originate.

*Estimated path of tunnel from Southern entrance in Tijuana to Northern exit at Buy 4 Less*



The tunnel was the result of significant investment and included rail with a motorized cart, ventilation, lighting and wood reinforcement in places. The access point to the tunnel was concealed underneath the floor in a storage area in the Buy 4 Less store. There was a mechanized jack inside the tunnel that could have been used to lift the floor to provide access.

//

//

*Stairs descending into tunnel*



*Tunnel corridor with rails and wood reinforced ceiling and walls*



*Tunnel access point from inside the Buy 4 Less store*



*Mechanized jack found inside tunnel underneath the Buy 4 Less store*



**C.    Previous Surveillance at Buy 4 Less, including Observation of Hernandez**

For at least the past five months, investigators have observed Hernandez's involvement with the Buy 4 Less store. In a post-*Miranda* statement, Hernandez attempted to minimize his involvement at Buy 4 Less by claiming he had only worked at the store for approximately one month. This claim is contradicted by investigators' surveillance. Between the beginning of the year and February 11, 2026, Hernandez was repeatedly seen at the Buy 4 Less location, including but not limited to: January 19, January 20, January 24, January 27, and January 30.

On many of these occasions, Hernandez was seen arriving in a 2014 blue BMW, loading multiple pieces of luggage into the trunk, and then driving away. On other occasions, Hernandez was seen assisting with moving items from a nearby storage unit to the Buy 4 Less store. Based on these observations, the United States submits that Hernandez has been involved with operating Buy 4 Less as a front business for at least five months.

Most important, on Friday, May 22, 2026—the week before Hernandez's arrest—investigators watched people take heavy boxes out of Buy 4 Less and load them onto a truck. Hernandez then drove the truck to a street near the mechanic shop at 923 ½ Coolidge Avenue, where he parked the truck on a street nearby, got out, left the keys in the gas cap, and walked away. A short time later, an unidentified male retrieved the keys and drove the van into the mechanic shop.

### III.

### POINTS AND AUTHORITIES

**A.    There Is a Presumption that Defendants Should Be Detained**

Under Title 18, United States Code, Section 3142(e)(3)(A), there is a rebuttable presumption that there are no conditions that can reasonably assure the appearance of a defendant under certain circumstances. One of those circumstances arises if there is probable cause to believe the defendant committed an offense with a maximum term of imprisonment of ten years or more under the Controlled Substances Act. *Id.*

Count 3 of the Complaint in this case charges Defendants with conspiring to distribute more than five kilograms of cocaine. This charge carries a ten-year mandatory minimum

penalty, and a maximum penalty of life in prison. 21 U.S.C. § 841(b)(1)(A)(ii). The presumption in favor of detention therefore applies.

**B.      Consideration of the Section 3142(g) Factors also Favors Detention**

Even if the Court were to consider the Section 3142(g) factors without the rebuttable presumption, these factors still support a finding that Defendants should be detained pending trial.

### 1.      Nature and Circumstances of the Offense

Defendants are charged with conspiring to distribute approximately 1,029.60 kilograms, more than a ton, of cocaine—with an estimated value of $45 million—taken directly from a highly sophisticated cross-border subterranean tunnel. And Hernandez is further charged with working in the Buy 4 Less "front" business that concealed the tunnel's U.S. exit point.

If Defendants were convicted, their base offense levels would be 38 (based on the offense involving more than 450 kilograms of cocaine),[3] resulting in a Guidelines range of at least 235 to 293 months' custody. Hernandez would further receive a four-level enhancement for a conviction under 18 U.S.C. § 555(c). *See* U.S.S.G. § 2D1.1(a)(5); § 2X7.1. Hernandez's starting offense level would therefore be 42, resulting in a range of 360 months to life before any downward departures. In other words, Defendants are charged with a serious controlled substances offense, and this factor favors detention.

### 2.      Weight of the Evidence

The weight of the evidence, while the least important factor, is strong. All four Defendants drove vehicles containing substantial (even for this District) quantities of highly valuable cocaine. Hernandez further worked at the Buy 4 Less store in which the subterranean cross-border tunnel's exit point was concealed. And while he claimed, following his arrest, that he had worked there for about a month, his statement is belied by investigators' observation of him at Buy 4 Less no less than five times in January 2026. On each occasion, Hernandez was

---

[3] Even if Defendants were held accountable only for the quantity of cocaine each individually transported, their base offense levels would be at least 36: Escalante and Jimenez both drove the stake bed truck, containing approximately 286.20 kg (base offense level 36 applies to quantities exceeding 150 kg); Hernandez drove the pickup truck containing approximately 469.40 kgs (base offense level 38); Cortez drove the van containing approximately 274 kgs (base offense level 36).

seen loading items from Buy 4 Less into his trunk, or helping others move items from a nearby storage unit into the Buy 4 Less store. In other words, he was frequently present and often personally involved in activities at the store concealing the cross-border tunnel's exit point at least five months before his arrest.

### 3.     Defendants' History and Characteristics

Defendants Hernandez and Jimenez are citizens of the United States, both of whom identified residential addresses in San Diego, California. Defendants Cortez and Escalante are citizens of Mexico, and the United States currently is not aware that they have any ties to this country. At present, at a minimum this factor weighs in favor of detention for Cortez and Escalante. The United States will further supplement its argument as to this factor orally at the detention hearing after reviewing the bail reports provided by Pretrial Services.

**IV.**

**<u>CONCLUSION</u>**

Based on the foregoing, and any additional arguments made at the detention hearing, the United States respectfully requests that the Court find Defendants have not rebutted the presumption in favor of detention, and order that Defendants be detained pending trial.

DATED: June 1, 2026                         Respectfully submitted,
                                            ADAM GORDON
                                            United States Attorney

                                            *s/ Michael A. Deshong*
                                            MICHAEL A. DESHONG
                                            JORDAN ARAKAWA
                                            Assistant United States Attorneys